# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DOUGLAS TARAS JOHNSON, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 6, 2015

No. 317185
Kent Circuit Court
LC No. 12-008624-FH

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

GLEICHER, J. (*dissenting*).

Defendant accepted $1,500 from Laurel Ellis as a retainer for defendant's representation of Ellis in a court case. Defendant is not an attorney. He subsequently pleaded guilty to false pretenses involving $10,000 or more but less than $20,000, in violation of MCL 750.218(4)(a). According to the presentence investigation report (PSIR), defendant's misrepresentation came to light "when the defendant failed to appear for Court dates in the Federal Court." Neither the PSIR nor the transcript of defendant's guilty plea supply further information regarding the events that occurred in federal court as a consequence of defendant's false pretense.

The trial court scored 10 points under offense variable (OV) 19, which directs a trial court to assess 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). Defendant objected to the scoring, arguing that no evidence supported that defendant actually "interfered with anything" in the federal court. On appeal, defendant reiterates that argument.

The majority holds that "[i]t was reasonable for the trial court to infer . . . that Ellis was left without the benefit of representation by a licensed attorney during at least one hearing in federal court." Because no evidence supports this inference, I respectfully disagree.

In *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), the Supreme Court instructed that:

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.

-1-

No evidence of record supports that defendant's conduct interfered with the administration of justice or that defendant attempted to so interfere.

The prosecutor conceded during oral argument that there are no facts in the record documenting what happened in federal court as a result of defendant's misrepresentation. Thus, we do not know whether a hearing had to be adjourned, or whether the court conducted proceedings despite defendant's absence.[1] Did defendant fail to attend a pretrial conference? A bond hearing? A motion hearing? Was an adjournment required? Did the court even become aware that Mr. Ellis had no counsel on a particular date? We do not know the answers to any of these questions. Simply put, the record lacks any factual information whatsoever supporting that a federal court proceeding was "hamper[ed], hinder[ed], or obstruct[ed]" by defendant's false-pretense crime. *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013).

In my view, a court may not simply *infer* interference with the administration of justice based on defendant's crime. *Black's Law Dictionary* (8th ed) defines an "inference" as a "conclusion reached by considering other facts and deducing a logical consequence from them." Without facts to support that defendant's misrepresentation hindered, hampered or obstructed the process of justice in the federal court, the trial court's conclusion amounts to bald speculation. Accordingly, I would remand for resentencing based on properly scored guidelines.

/s/ Elizabeth L. Gleicher

---

[1] Defendant's attorney failed to attend oral argument in this case, although he was endorsed. This Court's processes were not hindered, hampered or obstructed by counsel's absence.