# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DESHAUNTE DEVON BRANCH,

       Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No. 326676
Wayne Circuit Court
LC No. 14-009279-FH

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

Defendant, Deshaunte Devon Branch, appeals as of right his sentence for his convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. The trial court sentenced him to serve consecutive terms of 36 months' to 10 years' imprisonment for his felon-in-possession and CCW convictions, and an additional two years' imprisonment for felony firearm conviction. We affirm.

Defendant's sole argument on appeal is that the trial court erred when it assessed 10 points under offense variable (OV) 19. We conclude that defendant has waived this issue.

"When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Express approval of the trial court's action is "a waiver that *extinguishes* any error." *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000).

OV 19 concerns interference with the administration of justice, which includes hampering the judicial process. *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). In this case, between his conviction and sentencing, defendant removed a GPS tether, failed to appear for court, and was eventually discovered in a motel. When the trial court asked defense counsel how many points it should assess under OV 19, defense counsel stated, "The Defendant's standpoint is it should be ten points." The trial court then assessed 10 points for OV 19. By counsel's explicit request that the trial court assess 10 points under OV 19, defendant has waived any allegation that its assessment was erroneous.

-1-

We affirm.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell