# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

IESHIA DANIELLE BARNES,

Defendant-Appellant.

UNPUBLISHED
June 27, 2017

No. 331777
Oakland Circuit Court
LC No. 2015-254743-FC

Before: JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

Defendant, while intoxicated with a blood alcohol level of around .155, operated a motor vehicle, barreled through a busy city intersection against a red light and around stopped traffic at an excessive rate of speed, and then slammed into a minivan, causing serious injuries to three of the minivan's occupants and the death of the minivan's driver's three-year-old daughter. Following a jury trial, defendant was convicted of operating a motor vehicle while intoxicated causing death (OWI-death), MCL 257.625(4)(a); the jury rejected a charge of second-degree murder, MCL 750.317. Defendant had earlier entered a no-contest plea with respect to three counts of operating a motor vehicle while intoxicated causing serious impairment of a body function (OWI-serious impairment), MCL 257.625(5)(a). Departing from the guidelines minimum sentence range, the trial court imposed a sentence of 10 to 15 years' imprisonment for the OWI-death conviction. Defendant was also sentenced to concurrent terms of two to five years' imprisonment for the OWI-serious impairment convictions. She appeals as of right, challenging the proportionality of her sentence for OWI-death. We conclude that the trial court did not abuse its discretion, considering that the sentence was reasonable, i.e., proportionate, under the circumstances. Accordingly, we affirm.

Defendant had a prior record variable (PRV) score of 22 total points, placing her at PRV level C (10 to 24 points) in the applicable class C grid for OWI-death. MCL 777.12f; MCL 777.64. She had an offense variable (OV) score of 120 total points, placing defendant at OV level VI (75 plus points) in the class C grid for OWI-death. MCL 777.12f; MCL 777.64. As a result, the minimum sentence range was 43 to 86 months. MCL 777.64. Defendant was sentenced to a minimum prison term of 10 years (120 months), thereby exceeding the top end of the guidelines range by 34 months or just under three years.

In *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), our Supreme Court ruled that "[a] sentence that departs from the applicable guidelines range will be reviewed for reasonableness[,]" and that "[r]esentencing will be required when a sentence is determined to be unreasonable." In determining the reasonableness of a sentence that falls outside the range recommended under the now advisory sentencing guidelines, we apply the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 634-636; 461 NW2d 1 (1990), and its progeny. *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015). This Court reviews the reasonableness or proportionality of a sentencing departure for an abuse of discretion. *People v Walden*, __ Mich App __, __; __ NW2d __ (2017); slip op at 4; *People v Hyatt*, 316 Mich App 368, 423; 891 NW2d 549 (2016).

The principle of proportionality requires a sentence to be proportionate to the seriousness of the circumstances surrounding the offense and the offender's background. *Milbourn*, 435 Mich at 636; *Hyatt*, 316 Mich App at 423. A departure may be appropriate when a case entails facts and circumstances that are not adequately considered by the guidelines. *Steanhouse*, 313 Mich App at 45-46. Trial judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995).

In imposing the sentence in this case, the trial court focused on the highly egregious and reckless nature of defendant's conduct and the horrific extent of the harm done to the victims and their families.[1] The court also noted that defendant had been on her way to pick up her own children in her intoxicated state when the accident occurred. Although the court believed that defendant was sincere in her apologies, it concluded that the circumstances demanded the sentence that was imposed.

We hold that the trial court did not abuse its discretion in imposing a 10-year minimum sentence under the circumstances of this case. First, defendant's total OV score of 120 points exceeded OV level VI – the top level – by 45 points, MCL 777.64, supporting a conclusion that the guidelines did not adequately address or reflect the facts presented here. And the guidelines did not even take into account that, aside from the one death, three additional victims actually sustained serious physical injuries. See MCL 777.31 *et seq*. Under OV 3, MCL 777.33 (physical injury to victim), defendant's 50-point assessment was solely based on one victim being killed, absent any contemplation of, or additional points being assessed for, the serious

---

[1] Aside from the death of the three-year-old girl, who suffered a fractured skull and bleeding on the brain that led to her death, the driver's two-year-old nephew suffered serious head, neck, and leg injuries, along with severe emotional anxiety and stress, as a result of the crash. In addition, the nephew's growth plates were damaged, which will physically affect him for the remainder of his life. The driver herself suffered two broken ribs, a pelvic fracture, and two fractured vertebrae; she had two screws placed in her pelvis and suffers continuing pain.

physical injuries suffered by the other victims. Defendant's conduct could very easily have resulted in six deaths, including herself and her passenger. Not only was she driving under the influence of alcohol, defendant's operation of the vehicle went beyond simply weaving in traffic; she recklessly drove around stopped cars, ran a red light, and sped through an intersection on her way to pick up her children.

Second, although defendant did not have a substantial criminal history prior to the accident, she did have two prior misdemeanor convictions for third-degree retail fraud and disorderly house. Compare *Granderson*, 212 Mich App at 681 (affirming upward departure despite a PRV score of zero). Further, the presentence investigation report indicated that defendant had been abusing alcohol on a daily basis leading up to the accident.

A sentence of 10 to 15 years' imprisonment is entirely reasonable and appropriate where a child was killed and three others suffered serious impairment of a body function with potentially life-long effects, resulting from the inebriated and reckless operation of a motor vehicle. Indeed, the evidence would have sufficiently supported a second-degree murder conviction had such a conviction been before us for appellate review. The sentence was proportionate to the offense and the offender. Resentencing is unwarranted.[2]

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello

---

[2] Defendant challenges the 25-point score for OV 13, MCL 777.43, arguing that the score cannot be based on multiple offenses arising out of a singular event. A trial court must score 25 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Defendant did not include this claim in her statement of the question involved, MCR 7.212(C)(5), failed to preserve the challenge, MCL 769.34(10); MCR 6.429(C), and arguably waived the argument when defense counsel informed the court that "the only scoring variable that we contest would be OV-17[,]" *People v Hershey*, 303 Mich App 330, 346-354; 844 NW2d 127 (2013). Moreover, for purposes of OV 13, all crimes within a five-year period, including the sentencing offense, must be counted, MCL 777.43(2)(a), and a pattern of criminal activity may be based on multiple offenses arising from the same incident or a single criminal episode, *People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013) (25-point score proper where there were three victims of a robbery). Finally, even assuming reviewable error, defendant would remain at OV level VI (and still 20 points over the top mark of 75 points), MCL 777.64, rendering any presumed error harmless. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).