*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LEONARD LA DUPLESSIS, JR.,

      Defendant-Appellant.

UNPUBLISHED
November 9, 2021

No. 354402
Wayne Circuit Court
LC No. 19-005327-01-FH

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LEONARD LA DUPLESSIS, JR.,

      Defendant-Appellant.

No. 356491
Wayne Circuit Court
LC No. 19-005953-01-FC

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In a consolidated lower court trial, a jury convicted Leonard Duplessis, Jr., of several weapons possession charges stemming from a July 7, 2019 shooting and from his possession of a weapon at the time of his July 9, 2019 arrest. The court instructed the jury that it could acquit Duplessis of several assault charges if it determined that he acted in self-defense. The jury accepted that invitation and acquitted Duplessis of all assault and possession of a firearm during the commission of a felony (felony-firearm) charges arising from the July 7 events. Duplessis now challenges the trial court's refusal to give a self-defense instruction in relation to his felon-in-possession and carrying a concealed weapon (CCW) charges. Duplessis waived any claim of error. We affirm.

-1-

## I. BACKGROUND

On July 4, 2019, someone drove past Duplessis's sister's home and shot his mother. Based on the description of the vehicle, Duplessis suspected that Marshon Sturner was involved. Duplessis testified that three days later, Sturner summoned him to a "meeting" in a distant neighborhood. Sturner denied issuing any such summons. In any event, Duplessis brought a firearm in the center console of his vehicle. When Duplessis drove up, Sturner and his girlfriend were standing with an auto mechanic near his girlfriend's disabled vehicle. A third vehicle approached the scene. Duplessis alleged that someone shot at him from that vehicle. Believing he was being ambushed, Duplessis returned fire and then fled the scene.

Two days later, on July 9, officers arrested Duplessis. The officers found Duplessis sleeping in his car in the driveway of his sister's house. His firearm was still in the car. Duplessis explained that he was sleeping in the driveway with his firearm to protect his family from further violence.

In connection with the July 7 shooting, the prosecutor charged Duplessis with three counts of assault with intent to murder, three counts of assault with intent to do great bodily harm, carrying a dangerous weapon with unlawful intent, felon in possession of a weapon, CCW, and eight counts of felony-firearm. In connection with his July 9 arrest, the prosecutor charged Duplessis with one count each of CCW, felon-in-possession, and felony-firearm.

At the close of the state's case-in-chief, the parties discussed the proposed jury instructions. Defense counsel indicated, "Judge, I would be asking for the self-defense instruction." The court ruled that there was no factual support to give a self-defense instruction at that point. Duplessis then took the stand and testified in his own behalf.

Defense counsel thereafter renewed her request for a self-defense instruction. The prosecutor agreed that the instruction was warranted, but argued that self-defense was not a defense to the CCW charges. The court ruled:

> Well, here's the issue, obviously for most of these charges, assault with intent to murder, assault with intent to commit great bodily harm less than murder. There's gonna be a valid self-defense instruction. For the felon in possession of a firearm and the felony firearm attached to that as well as the CCW, actually I believe the case [is] Dupree . . . . There's a *People v Dupree* which is very limited [instance] where a felon in possession of a firearm self-defense is valid. That is not - - obviously the evidence didn't show any type of self-defense claim for felon in possession of a firearm or felony firearm attached to that CCW but for the other charges and allegations there would be a self-defense instruction.

The court then asked, "Everybody understand that and agree with that?" Defense counsel expressly agreed, "Yes, Your Honor."

The court proceeded to instruct the jury on the elements of self-defense immediately after instructing the jury on the elements of the assault charges. The court informed the jury:

Now, ladies and gentlemen, this self-defense instruction does not apply to the remaining charges. . . . [T]he instruction that I'm about to read applies only with the assault with intent to murder allegation . . . and assault with intent to commit great bodily harm less than murder count. It doesn't apply to the other [counts].

During deliberations, the jury submitted several questions to the court. The court brought the jurors into the courtroom and, relevant to the issue on appeal, instructed:

And once again as I indicated previously that for the assault with intent to murder and assault with intent to do great bodily harm less than murder charge there is a claim by Mr. Duplessis that he acted in lawful self-defense. It's the prosecutor's burden to prove that Mr. Duplessis did act - - did not act in lawful self-defense. It's not Mr. Duplessis's burden to prove that he acted in lawful self-defense, it's the prosecutor's burden that he did not act, to prove that he did not act in lawful self-defense beyond a reasonable doubt. And if you find that the prosecutor has not proven that you must find on those charges the defendant not guilty on the assault with intent to murder and assault with intent to commit great bodily harm less than murder. People and defense agree with that?

Both parties expressly indicated that they agreed.

Ultimately, the jury convicted Duplessis of all three weapons charges arising from his July 9 arrest. The jury acquitted Duplessis of all six assault charges and eight felony-firearm charges arising from the July 7 shooting, but convicted him of felon-in-possession and CCW.

## II. ANALYSIS

As noted, Duplessis challenges the trial court's limitation of the self-defense instruction to his assault charges. We may not consider the merits of Duplessis's challenge, however, as Duplessis waived any claim of error.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.' " *People v Carines*, 460 Mich 750, 762-763 n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). A defendant waives a challenge of error on appeal when his or her counsel expressly approves the trial court's ruling below. *Id.* By contrast, if counsel simply does not object, the error is deemed forfeited and is reviewed by this Court, but under the plain-error standard of review. *Id.*; *People v Hershey*, 303 Mich App 330, 349; 844 NW2d 127 (2013). Expressly approving a court's jury instructions waives "any objection to the erroneous instructions, and there is no error to review." *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011).

Duplessis waived any claim of error regarding the self-defense instruction when his counsel expressly stated that she agreed with the court's ruling. There is no error for this Court to review.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Amy Ronayne Krause