*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 31, 2025
9:29 AM

Plaintiff-Appellee,

v

No. 366605
St. Clair Circuit Court
LC No. 23-000230-FC

ERIK HALIL NARDINI,

Defendant-Appellant.

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

LETICA, J. (*concurring*).

I concur, but write separately because I would hold that defense counsel waived any error as to the sentencing court's 10-point assessment for Offense Variable (OV) 14. At sentencing, the trial court expressly inquired whether defense counsel had reviewed the Presentence Investigation Report (PSIR) and the recommended sentence. The trial court then asked whether defense counsel had "gone over" the information with defendant. Defense counsel responded affirmatively to both inquiries. After determining that the prosecutor had also examined the PSIR, the trial court asked, "Either party have any challenges to relevancy, accuracy or sentencing guidelines scoring?" At that time, defense counsel specifically challenged the scores in the Sentencing Information Report (SIR), namely, Prior Record Variable 5, OV 4, and OV 10. Thereafter, counsel affirmatively stated: "No additional guidelines challenges, Judge." In my view, counsel's expression that he had no additional scoring challenges constituted a waiver, especially when counsel separated the challenges made to the SIR from those made to the PSIR and contested two of the four OVs scored. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (A party must express satisfaction with a trial court's decision to waive a known right.); *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000) ("Counsel may not harbor error as an appellate parachute."). Cf. *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015) (This Court held that there was no waiver when counsel responded negatively to the court's inquiry whether there were any additions or corrections to the PSIR, which included the scoring of the guidelines variables.); *People v Hershey*, 303 Mich App 330, 334, 346-354; 844 NW2d 127 (2013) (This Court held that there was no waiver when there was no discussion about the proposed scoring of the OV factors or the court's intention as to scoring, and both the defendant and his counsel indicated that they had no additions or corrections to the PSIR after the trial court inquired.). In this case, it was

evident that any challenge to the scoring variables was required to be raised in response to the trial court's express inquiry, and that, absent objection, the court would calculate the guidelines in accordance with the SIR as scored. Cf. *id*. at 351-352. Regardless, for the reasons discussed in the majority opinion, defendant has failed to establish that counsel performed deficiently in failing to object to the 10-point assessment for OV 14.

/s/ Anica Letica