PEOPLE v UNDERWOOD

Docket No. 274458. Submitted March 4, 2008, at Grand Rapids. Decided March 27, 2008, at 9:10 a.m. Leave to appeal sought.

Michael J. Underwood II pleaded guilty in the Berrien Circuit Court of committing perjury in a noncapital court proceeding, MCL 750.422. The court, Gary J. Bruce, J., sentenced the defendant as a second-offense habitual offender to 47 months to 22 years in prison. The prosecution appealed by leave granted, alleging that the trial court erred in scoring offense variable (OV) 19, MCL 777.49, concerning interference with the administration of justice, at zero points on the basis of the court's belief that interference with the administration of justice is inherent in a conviction for perjury and is, therefore, already contemplated by the sentencing guidelines.

The Court of Appeals *held*:

Perjury provides a basis for scoring OV 19 because it is an offense against public trust and OV 19 must be scored for all crimes against public trust. The limitation imposed by the trial court is not found in the plain language of MCL 777.49, which contains no instruction regarding how many points must be scored if the defendant is convicted of perjury. The Legislature has expressly provided for exclusions when it intends that an OV point level not apply to a particular offense or circumstance. It must be concluded that the failure to include an exclusion in MCL 777.49 with regard to perjury was intentional. The defendant's sentence must be vacated and the matter must be remanded for resentencing.

Sentence vacated and case remanded for resentencing.

SENTENCES — OFFENSE — VARIABLES — PERJURY.

Perjury is classified as an offense against public trust; offense variable 19, regarding interference with the administration of justice, must be scored for all crimes against public trust; the Legislature has not provided that OV 19 is to be scored at zero points in cases where the defendant is convicted of perjury (MCL 750.422; MCL 777.49).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

State Appellant Defender (by *Desiree M. Ferguson*) for the defendant.

Before: FITZGERALD, P.J., and SMOLENSKI and BECKERING, JJ.

PER CURIAM. The prosecution appeals by leave granted the sentence imposed following defendant's plea-based conviction of perjury committed in a court proceeding, MCL 750.422. Defendant was sentenced as second-offense a habitual offender, MCL 769.10, to 47 months to 22 years' imprisonment.[1] We vacate defendant's sentence and remand for resentencing.

Defendant was charged with committing perjury at a jury trial in a capital case. Perjury is punishable by imprisonment for life or any term of years in a capital case and a term of not more than 15 years in a noncapital case. MCL 750.422. In January 2006, defendant pleaded guilty of perjury at a jury trial in a noncapital case in exchange for dismissal of the original charge and an agreement that the trial court could order that defendant's habitual-offender sentence be served concurrently with his sentence for a conviction in an unrelated case.

At the initial sentencing in February 2006, the trial court sentenced defendant to 71 months to 22½ years' imprisonment. The minimum sentence imposed was

---

[1] The resentencing transcript indicates that the judge imposed a 22½-year maximum; however, the revised judgment of sentence reflects a 22-year maximum.

within the sentencing guidelines range of 29 to 71 months for a class C (public-trust category) offense for a second-offense habitual offender. Defendant's prior criminal record placed him in the highest prior record variable (PRV) level, level F (75 or more points), based on a total of 90 PRV points. Defendant's offense variable (OV) score placed him in the lowest OV level, level I (zero to nine points), based on a total of zero OV points.

At sentencing, the prosecutor argued that OV 19, MCL 777.49, should be scored at 10 points, and not zero points, because defendant interfered with the administration of justice by perjuring himself at the jury trial. The trial court disagreed, finding that interference with the administration of justice is inherent in a conviction for perjury and is, therefore, already contemplated by the sentencing guidelines.

In August 2006, defendant moved for resentencing, arguing that the trial court misscored the PRVs and based his sentence on inaccurate information. The prosecutor agreed that the PRV level should be reduced, but argued that the sentencing guidelines range would remain the same if OV 19 were scored at 10 points instead of zero points. The trial court again rejected the prosecutor's argument and ordered resentencing based on the correctly scored PRVs. The court indicated that, absent an instruction from the Legislature to score a defendant convicted of perjury under OV 19, it would "exercise its discretion" and score OV 19 at zero points.

At the resentencing hearing in October 2006, the trial court commented on the need for guidance from a higher court on the proper application of OV 19, but did not change its score of zero points. The corrected PRV score placed defendant in PRV level E (for 50-74 points), reducing the sentencing guidelines range to 19 to 47

months. Defendant was sentenced to 47 months to 22 years' imprisonment, with credit for the 370 days that he had served.

The prosecution's sole argument on appeal is that the trial court erred in concluding that OV 19 does not apply to convictions that necessarily involve interference with the administration of justice. We agree. The imposition of a sentence is reviewed for an abuse of discretion. *People v Sexton*, 250 Mich App 211, 227; 646 NW2d 875 (2002). The interpretation of the statutory sentencing guidelines and the legal questions presented by application of the guidelines are subject to review de novo. *People v Johnson*, 474 Mich 96, 99; 712 NW2d 703 (2006). Resentencing is an appropriate remedy where a defendant's sentence is based on an inaccurate calculation of the sentencing guidelines range and, therefore, does not conform to the law. *People v Francisco*, 474 Mich 82, 90-92; 711 NW2d 44 (2006).

MCL 777.49 states:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25 points
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 points

(c) The offender otherwise interfered with or attempted to interfere with the administration of justice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10 points

(d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force . . . 0 points

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature, *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006), and the first criterion in determining intent is the specific language of the statute, *People v Lively*, 470 Mich 248, 253; 680 NW2d 878 (2004). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). The omission of a provision in one statute that is included in another statute should be construed as intentional, *People v Monaco*, 474 Mich 48, 58; 710 NW2d 46 (2006), and provisions not included in a statute by the Legislature should not be included by the courts, *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005).

It is undisputed that perjury provides a basis for scoring OV 19. See *People v Jenkins*, 244 Mich App 1, 15 n 6; 624 NW2d 457 (2000) (stating that perjury was recognized as an "obstruction of justice" crime at common law). Perjury has been categorized as an offense against public trust, MCL 777.16v, and OV 19 must be scored for "*all* crimes against public order and *all* crimes against public trust . . . ." MCL 777.22(4) (emphasis added). OV 19 addresses threats "to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. Zero points are to be scored for

OV 19 if "[t]he offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force." MCL 777.49(d). Ten points are to be scored if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c).

In this case, the trial court reasoned that the Legislature did not intend for a defendant convicted of perjury to be scored under OV 19 because interference with the administration of justice is inherent in a perjury conviction and is, therefore, already contemplated by the sentencing guidelines. But the limitation imposed by the trial court is not found in the plain language of the statute. MCL 777.49 contains no instructions on how many points may be scored for OV 19 if the defendant is convicted of perjury, and "[n]othing may be read into [a] statute that is not within the manifest intent of the Legislature as gathered from the act itself." *People v Cook*, 254 Mich App 635, 640-641; 658 NW2d 184 (2003) (quotation marks and citations omitted). See also *Polkton Twp, supra* at 103.

If the Legislature intended that OV 19 be scored at zero points in cases where the defendant is convicted of perjury, it could have written the statute in that manner. The Legislature has expressly provided for exclusions when it intends that an OV point level not apply to a particular offense or circumstance. See, e.g., MCL 777.31(2)(e) (OV 1, which pertains to aggravated use of a weapon, prohibits the scoring of five points if the conviction offense is MCL 750.82 [felonious assault] or MCL 750.529 [armed robbery]), MCL 777.33(2)(b) and (d) (OV 3, which pertains to physical injury to a victim, prohibits the scoring of 100 points if homicide is the

sentencing offense, and prohibits the scoring of five points if bodily injury is an element of the offense), MCL 777.38(2)(b) (OV 8, which pertains to victim asportation or captivity, requires zero points to be scored if the sentencing offense is kidnapping), and MCL 777.41(2)(c) (OV 11, which pertains to criminal sexual penetration, prohibits the scoring of points for "the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense"). Therefore, we must conclude that the Legislature's failure to include a similar exclusion in MCL 777.49 was intentional. *Monaco, supra* at 58; *Polkton Twp, supra* at 103.

We find that the trial court erred in concluding that OV 19 does not apply to conviction offenses that necessarily involve interference with the administration of justice and by scoring OV 19 at zero points. Because the trial court's error affects the sentencing guidelines range, we vacate defendant's sentence and remand this matter for resentencing. We do not retain jurisdiction.