# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 6, 2015

Plaintiff-Appellee,

v

No. 317185
Kent Circuit Court
LC No. 12-008624-FH

DOUGLAS TARAS JOHNSON, JR.,

Defendant-Appellant.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

Defendant pleaded guilty to obtaining money by false pretenses, $1,000 or more but less than $20,000, MCL 750.218(4)(a). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 2 to 7-1/2 years' imprisonment. Defendant appeals his sentence by leave granted.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On April 24, 2012, defendant accepted $1,500 from the victim, Laurel Ellis, in exchange for defendant's agreement to represent Ellis in a federal court case. Defendant is not a licensed attorney. According to the presentence investigation report (PSIR) filed in this case, suspicion that defendant had misrepresented himself as an attorney arose when defendant failed to appear for Ellis's scheduled court dates.

On March 14, 2013, defendant pleaded guilty to a single count of false pretenses as a second-offense habitual offender. In exchange, the prosecution agreed to dismiss the supplemental information charging defendant as a fourth-offense habitual offender. In addition, the prosecution agreed to arrange for the dismissal of a case pending against defendant in Ottawa County involving the same type of conduct, provided that defendant paid restitution in both cases.

---

[1] *People v Douglas Taras Johnson, Jr*, unpublished order of the Court of Appeals, entered September 4, 2013 (Docket No. 317185).

-1-

Sentencing was held on April 23, 2013. At the hearing, the prosecution objected to several of the probation department's recommendations with respect to defendant's prior record variables (PRVs) and offense variables (OVs) contained in the sentencing information report (SIR). Relevant to this appeal, the prosecution objected to the probation department's recommendation that OV 19—interference with the administration of justice—be scored at zero points. Rather, the prosecution argued that OV 19 should be scored at 10 points. In support of that score, the prosecution argued that 10 points under OV 19 was justified because defendant fraudulently held himself out to be an attorney on two separate occasions and charged the victims for his sham services. With respect to Ellis, "[t]he potential consequences . . . could have been extreme." Defendant objected, arguing that the "spirit" of OV 19 was to score points where a defendant interfered with the police or courts, for example, by committing perjury. In this case, defendant never engaged in such conduct, and further never appeared in court on behalf of Ellis or otherwise interfered with anything in that case. Defendant additionally argued that the trial court could not consider the circumstances of defendant's conduct in Ottawa County pursuant to *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), as that conduct was not part of the sentencing offense. After hearing the parties' arguments, the trial court stated:

> All right. Whatever the defendant did or didn't do in both of the cases, the one here in Kent County in the Federal Court matter and the one in Ottawa County, the defendant held himself out as a lawyer. And as such, it seems to me and I'll take it here that we should be dealing for scoring with the charge in front of me rather than the one in Ottawa County, so I'll concede to the defendant on that one.

> But the one here in Kent County, by leading the victim to believe that he or she was appropriately represented by a lawyer certainly impacted the administration of justice, I believe, significantly. If nothing else, it caused even the courts to have to do things differently and to do more things than normally would be required, and it delayed things when it was found out that he wasn't appearing in court, things of that nature. I think clearly the proper administration of justice in the Federal Court matter was impacted rather significantly by the defendant's fraudulent action in this particular matter, and I think should be scored – and I think it's appropriately scored at 10 points.

Defendant was thereafter sentenced as described above. This appeal followed, limited to defendant's challenge to the trial court's decision to score 10 points under OV 19.

## II. STANDARD OF REVIEW

Under the sentencing guidelines, this Court reviews a trial court's factual determinations for clear error to determine if they are supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

III. ANALYSIS

OV 19 addresses threats to security and interference with the administration of justice. In pertinent part, it provides that 10 points may be scored where a defendant "otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c).

In scoring 10 points under OV 19, the trial court reasoned that defendant's conduct caused the federal court "to have to do things differently and to do more things than normally would be required, and it delayed things when it was found out that [defendant] wasn't appearing in court . . . ." Defendant argues that his conduct in this case—i.e., falsely representing himself as an attorney and accepting a "retainer" from Ellis—did not interfere with the administration of justice. We disagree.

MCL 777.49 does not define the phrase "interfere with the administration of justice." However, this Court addressed the meaning of that phrase in *People v Hershey*, 303 Mich App 330; 844 NW2d 127 (2013). Using the dictionary definitions of the various terms within the phrase, this Court concluded that "the plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *Id*. at 342-343 (citations omitted). OV 19 may be scored when the sentencing offense itself, rather than post-offense conduct, involves interference with the administration of justice. See *People v Underwood*, 278 Mich App 334, 339-340; 750 NW2d 612 (2008).

In this case, defendant accepted money from Ellis under the guise of being an attorney who would represent Ellis in federal court. Ellis only learned that defendant was not actually an attorney when defendant failed to appear for Ellis's scheduled court dates. We find that defendant's conduct fits squarely within OV 19 as an interference with the administration of justice. It was reasonable for the trial court to infer from this evidence that Ellis was left without the benefit of representation by a licensed attorney during hearings in federal court. See *People v Loper*, 299 Mich App 451, 460; 830 NW2d 836 (2013) (a trial court may rely on reasonable inferences from the record evidence when scoring offense variables). In turn, it was reasonable for the trial court to infer that appearing in federal court unrepresented—when it was not Ellis's intention to do so—"hamper[ed], hinder[ed], or obstructed[ed] the act or process of administering judgment" in Ellis's federal case at least to some extent, as that court was required

to address and resolve Ellis's situation. See US Const, Am VI. Accordingly, the trial court's scoring decision was supported by a preponderance of the evidence and not in error.[2]

---

[2] Defendant's PSIR reflects that Ellis hired and paid defendant to represent him in a pending federal court case, and that "[s]uspicions arose when the defendant failed to appear for Court dates in the Federal Court." Our dissenting colleague nonetheless would find the scoring of OV 19 to be improper, concluding that the record does not adequately reflect the precise nature of the effect of defendant's conduct on the federal court proceedings. We conclude, however, that evidence as to the precise nature of the effect is unnecessary, and that the record evidence of

Affirmed.

/s/ Mark T. Boonstra
/s/ Pat M. Donofrio

---

defendant's failure to appear (on behalf of his putative client) for court dates in a federal court proceeding is sufficient to support the scoring of OV 19. Further, defendant does not present the argument offered by our dissenting colleague, and instead bases his challenge to the scoring of OV 19 solely on his contention, which we reject, that OV 19 is properly scored only for conduct such as "intimidation of witnesses or perjury," and that falsely representing oneself as an attorney (and failure to appear for scheduled court dates on behalf of a putative client) is no different than purporting to be a licensed hairdresser or CPA. While our dissenting colleague would remand on the basis of arguments not presented on appeal, this Court generally does not address issues not raised on appeal. See *Tingley v Kortz,* 262 Mich App 583, 588; 688 NW2d 291 (2004). We see no reason to exempt this case from the general rule.