# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAKOTA LYNN SHANANAQUET,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2015

Nos. 318251, 318252,
     318378, and 320342
Emmet Circuit Court
LC Nos. 10-003343-FH;
       12-003755-FH;
       12-003749-FH;
       13-003852-FH

Before: SAAD, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals her jury-trial convictions for multiple offenses. For the reasons stated below, we affirm her convictions, and remand to the trial court for the sole purpose of correcting a clerical error in defendant's sentencing documents.

## I. FACTS AND PROCEDURAL HISTORY

In 2011, a jury convicted defendant of falsely reporting a felony under MCL 750.411a(1)(b), and the trial court sentenced her to one year in prison and two years probation.[1] The events at issue in this case took place in October 2012, after defendant's release from prison. In that month, defendant accompanied her friend to a doctor's office in Bay City, at which her friend's children had an appointment. Defendant waited in her friend's car while her friend went inside with the children, and defendant's friend left her car keys in the car with defendant. After her friend went inside the doctor's office, defendant stole numerous objects (including debit cards) from other vehicles in the office parking lot, and then drove off in her friend's car. During her trip, defendant smashed into a number of mailboxes and severely damaged her friend's vehicle.

---

[1] Another panel of our Court affirmed her conviction. *People v Shananaquet*, unpublished opinion per curiam of the Court of Appeals, issued June 12, 2012 (Docket No. 304537).

The prosecution charged defendant in the Emmet Circuit Court with multiple offenses, including: (1) driving while license suspended (DWLS), MCL 257.904; (2) failure to report an accident resulting in damage to fixtures, MCL 257.621; (3) possession of another's financial transaction device with intent to use, MCL 750.157p; and (4) larceny from a motor vehicle, MCL 750.356a. The court held separate trials for each pair of offenses: defendant's violations of MCL 257.904 and MCL 257.621 were adjudicated together in March 2013; while her violations of MCL 750.157p and MCL 750.356a were adjudicated together in June 2013.

In each proceeding, the court heard testimony from many witnesses, including defendant's friend, workers at the doctor's office, the theft victims, two individuals who saw or heard the vehicular rampage as it happened, and police officers who investigated the incident. Defendant testified on her own behalf in the March 2013 trial. She claimed that her friend actually drove the car away from the doctor's office—after dropping off the children and "snort[ing] something" in another car nearby with unidentified individuals—and implied that her friend was responsible for the resulting damages. Defendant also asserted that she accompanied her friend to the doctor's office to meet another acquaintance who worked at a salon across the street, and that the salon worker drove her to her aunt's house and returned her to the doctor's office 30 minutes later.

The juries in each trial convicted defendant of the above charges. After trial, defendant pled guilty to violating the terms of her probation under her 2011 conviction for falsely reporting a felony, because she committed new criminal offenses during the time of her probation.

In fall 2013, the prosecution charged defendant with perjury in the Emmet Circuit Court for her testimony in the March 2013 trial. At the perjury proceeding, the salon worker—who defendant supposedly went to meet—testified that defendant's testimony was inaccurate, because she had not seen or heard from defendant on the day in question. The jury again heard testimony from defendant's friend and a police officer, and it subsequently convicted defendant of committing perjury under MCL 750.422.

On appeal, defendant argues that: (1) the trial court improperly scored her sentence for violating her probation under the 2011 conviction for falsely reporting a felony; (2) she received ineffective assistance of counsel, because her trial attorney did not object to the trial court's supposedly erroneous scoring of her sentence for the probation violation; (3) the prosecution presented insufficient evidence to sustain her convictions for possessing another's financial transaction device with intent to use and larceny[2] from a motor vehicle; (4) the prosecutor

---

[2] Defendant also asserts that the trial court erred when it instructed the jury on her alleged commission of larceny from a motor vehicle under MCL 750.356a. However, she may not raise this issue on appeal, because defense counsel specifically stated that he was satisfied with the trial court's proposed jury instruction on this matter. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Furthermore, defendant provides no support for her contention that the trial court erred in giving the instructions. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231

committed misconduct during her trial for DWLS and failure to report an accident; (5) the trial court erred when it denied her request for substitute counsel in her perjury trial; and (6) the trial court denied her right to due process when it allowed a jury panel to see her in prison clothes and handcuffs.[3] The prosecution asks us to affirm defendant's convictions and reject her arguments on appeal.

## II. ANALYSIS

### A. SCORING OF OFFENSE VARIABLE (OV) 19 AND ASSISTANCE OF COUNSEL

#### 1. STANDARD OF REVIEW

Defendant did not protest the trial court's scoring of OV 19 at sentencing or in a motion to remand, and she therefore has waived the issue for appellate review. MCL 769.34(10). However, because defendant claims that her counsel gave her ineffective assistance by failing to protest the trial court's scoring of the variable, we must analyze defendant's OV 19 claim to assess whether her counsel actually gave her ineffective assistance. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Unpreserved challenges to the sentencing guidelines are reviewed for plain error. *People v Odom*, 276 Mich App 407, 411; 740 NW2d 557 (2007).

Defendant also failed to preserve her claim for ineffective assistance of counsel, because she did not move for a new trial or request an evidentiary hearing pursuant to *People v Ginther*.[4] *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011). Unpreserved claims of ineffective assistance of counsel are also reviewed for errors apparent on the record. *Id*.

#### 2. ANALYSIS

False report of a felony interferes with the "administration of justice or the rendering of emergency services" because it involves "distracting the police and misusing police resources."

---

Mich App 627, 640–641; 588 NW2d 480 (1998). And, were we nonetheless to accept plaintiff's unavailing argument that the trial court erred in giving the instructions, she has failed to establish that the supposed error "affected the outcome of the lower court proceedings," as the evidence of her guilt was overwhelming. See *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

[3] Defendant also complains that the information on her charges for larceny from a motor vehicle and possession of another's financial transaction device with intent to use contained a fourth habitual offender notice, when in fact defendant was a third habitual offender. In response to defendant's statement of the above at trial, the prosecution filed an amended information that contained a third habitual offender notice. At sentencing, when defendant raised the issue again, the trial court stated "[t]hat's been fixed." Nonetheless, the judgment of sentence indicates that defendant is a fourth habitual offender.

Both defendant and the prosecution agree that the trial court should correct this clerical error in the judgment of sentence to reflect the prosecution's amended information, and we concur.

[4] 390 Mich 436; 212 NW2d 922 (1973).

*People v Chavis*, 468 Mich 84, 94 n 7; 658 NW2d 469 (2003). It is thus appropriate to score violations of MCL 750.411a pursuant to OV 19. OV 19 is explained in MCL 777.49, which provides, in relevant part:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> * * *

> (c) The offender otherwise interfered with or attempted to interfere with the administration of justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10 points

> (d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force . . . . . . . . . . .0 points

Conduct inherent in an offense may be scored under the sentencing guidelines "absent an express prohibition." *People v Hardy*, 494 Mich 430, 442; 835 NW2d 340 (2013). See also *People v Underwood*, 278 Mich App 334, 339–340; 750 NW2d 612 (2008) (holding that if Legislature had wanted OV 19 to be scored at zero points for a particular offense, it would have written the statute in such a way to instruct the court to score zero points for that particular offense). By its plain language, OV 19 does not prohibit a court from considering conduct inherent in the offense of falsely reporting a felony when it scores points for that offense under the offense variable.[5]

Here, defendant wrongly contends that MCL 777.49 does not allow a trial court to score points under OV 19 for the underlying offense of falsely reporting a felony. As noted, there is no prohibition in the statute that bars a court from doing so. The trial court therefore properly took into account the nature of defendant's underlying offense (interfering with the administration of justice or the rendering of emergency services) when it scored 10 points for her violation of probation with regard to her conviction for falsely reporting a felony under MCL 750.411a. Because the trial court properly assessed OV 19, any objection to the scoring by defendant's attorney would have been meritless, and his decision not to raise an objection did not constitute ineffective assistance of counsel. *Hardy*, 494 Mich at 445.

---

[5] See *Hardy*, 494 Mich at 442 (internal quotation marks and footnotes omitted) ("[t]he sentencing guidelines explicitly direct courts to disregard certain conduct inherent in a crime when scoring OVs 1, 3, 8, 11, and 13. In all other cases, the sentencing guidelines allow a factor that is an element of the crime charged to also be considered when computing an offense variable score").

## B. SUFFICIENCY OF THE EVIDENCE[6]

In a criminal case, "[t]he question is whether the evidence presented at trial, together with all reasonable inferences arising therefrom, was sufficient to allow a rational trier of fact to find each element of the crime proven beyond a reasonable doubt." *People v DeLisle*, 202 Mich App 658, 660; 509 NW2d 885 (1993). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Here, defendant unconvincingly argues the prosecution presented insufficient evidence to sustain her convictions for: (1) larceny from a motor vehicle, MCL 750.356a(1); and (2) possession of another's financial transaction device with intent to use, MCL 750.157p. Defendant's claim that no witness saw her take property from cars in the doctor's parking lot is inconsequential, because the prosecution was not required to provide direct evidence of defendant's guilt. *Carines*, 460 Mich at 757. Instead, it merely had to provide circumstantial evidence that she violated MCL 750.356a(1), and it provided overwhelming circumstantial evidence of such, in the form of testimony from multiple witnesses who saw and interacted with defendant on the day in question. Likewise, the prosecution presented substantial circumstantial evidence that defendant stole debit cards from the vehicles, and asked an acquaintance how to use the cards to obtain cash—thus demonstrating that she violated MCL 750.157p.

Accordingly, the prosecution presented substantial evidence that defendant committed larceny from a motor vehicle and possessed another's financial transaction device with intent to use.

## C. PROSECUTOR'S CONDUCT

Because defendant failed to object at trial to the prosecutor's conduct of which she now complains, her appeal is unpreserved. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Unpreserved issues are reviewed for plain error, and a "defendant is not entitled to relief unless he can establish": "(1) that the error occurred, (2) that the error was 'plain,' (3) that the error affected substantial rights, and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012).

---

[6] When a court reviews whether the prosecution presented sufficient evidence to support a conviction, the evidence is reviewed de novo in the light most favorable to the prosecution to determine "whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010).

Here, defendant claims that the prosecutor attacked the integrity of her trial attorney in his closing arguments. In fact, the prosecutor did nothing of the sort, and merely responded to defense counsel's statement of supposed factual inconsistencies in some of the testimony of the prosecution's witnesses. Moreover, were we to nonetheless assume that the prosecutor did commit misconduct, defendant has failed to show how the misconduct either resulted in her wrongful conviction "or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Vaughn*, 491 Mich at 654.

## D. REQUEST FOR SUBSTITUTE COUNSEL[7]

"Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *Traylor*, 245 Mich App at 462. "Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *Id*. A request for substitute counsel must be made in a timely fashion. *People v Johnson*, 144 Mich App 125, 135; 373 NW2d 263 (1985).

Here, defendant says the trial court abused its discretion when it denied her request for substitute counsel. Specifically, she asserts that the court mistakenly believed she did not raise the issue until the day of trial, when in fact she had mentioned the issue two weeks earlier in a letter to her attorney, in which she complained about his performance.

Leaving aside whether the trial court misapprehended when defendant first asked for substitute counsel, the trial court also examined the merit of defendant's request, and found that it did not have any. The court noted that it was familiar with both defendant and her defense counsel, and that it found defendant's assertions in her letter to be "tactical, improper, and unsubstantial." Defendant fails to address the trial court's factual findings on the illegitimate nature of her allegations against her trial attorney, and provides no basis to conclude that the trial court's finding in this respect was clearly erroneous. Accordingly, the trial court did not abuse its discretion when it denied defendant's motion for substitute counsel.

## E. DEFENDANT'S AFFIDAVIT

In an affidavit[8] submitted with her brief on appeal, defendant claims that, prior to her trial for perjury, corrections officers presented her to the jury panel in prison clothing and handcuffs

---

[7] A trial court's decision on a motion for substitution of counsel is reviewed for an abuse of discretion. *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588–589; 739 NW2d 385 (2007). A trial court's findings of fact are reviewed for clear error. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

[8] In full, the affidavit reads:

for a brief period of time, and then moved her out of the courtroom and into the hall. She says this incident denied her due process.[9]

Defendant obviously did not raise this issue at the trial court, and it is therefore unpreserved. *Pipes*, 475 Mich at 277. Again, unpreserved issues are reviewed for plain error, and a "defendant is not entitled to relief unless he can establish": "(1) that the error occurred, (2) that the error was 'plain,' (3) that the error affected substantial rights, and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Vaughn*, 491 Mich at 654.

There are a number of problems with defendant's affidavit and the allegations it contains, as well as with defendant's assertion that her due process rights were violated. There is nothing in the record to confirm that defendant actually appeared in front of the jury panel wearing prison clothes or handcuffs. In fact, defendant's conduct at trial would seem to indicate that she *did not* appear in front of the jury panel wearing prison clothes or handcuffs, because she never raised this issue before the trial court.

In any event, were we nonetheless to assume that defendant's affidavit is accurate (which we doubt), she has failed to establish or explain how the jury panel's brief view of her in prison clothing and handcuffs in any way "resulted in [her] conviction . . . or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Vaughn*, 491 Mich at 654. And, as noted, the prosecution presented substantial and convincing evidence that defendant committed perjury, in the form of witness testimony that refuted defendant's earlier testimony at her trial for larceny from a motor vehicle and possession of another's financial transaction device with intent to use.

### III. CONCLUSION

Defendant's convictions are affirmed. We remand for the sole purpose of correcting the judgment of sentence for defendant's convictions pursuant to MCL 750.356a and MCL

> I, Dakota Shananaquet, state under oath that on October 8, 2013, I was transported to the Emmet County Circuit Court building for trial for perjury in Case No: 13-3852. Corrections Officers Wellman and Reno took me into the courtroom and sat me down in front of the prospective jury panel. I was wearing prisoner blue clothing and I was handcuffed. After hearing the prospective jurors talk about me, Officers Wellman and Reno took me out into the hallway, but the court room door remained open and I was still in the view of the jury panel.

[9] When she filed her brief, defendant asked our Court to order the trial court to hold an evidentiary hearing to establish a record in support of the claims she made in her affidavit. Another panel of our Court denied her motion. *People v Shananaquet*, unpublished order of the Court of Appeals, entered September 5, 2014 (Docket No. 320342).

-7-

750.157p, so that judgment is consistent with the amended information filed by the prosecution with regard to those charges.  We do not retain jurisdiction.


/s/ Henry William Saad
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly