# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 18, 2015

Plaintiff-Appellee,

v

No. 318609
Jackson Circuit Court
LC No. 13-004291-FC

HENRY LEE WILLIAMS, JR.,

Defendant-Appellant.

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Henry Lee Williams, Jr., appeals as of right his jury trial convictions and sentences as a second-offense habitual offender, MCL 769.10(1)(a), for armed robbery, MCL 750.529, and unlawful imprisonment, MCL 750.349b(1)(a). We affirm defendant's convictions, but vacate his armed robbery sentence and remand for resentencing.

Defendant and Theodore Taylor robbed the victim of his cellular telephone and money. Defendant placed an arm around the victim's neck and pressed a handgun (later found to be a BB gun) against his neck during the robbery. Taylor pled guilty to larceny from a person and testified against defendant at trial.

On appeal, defendant first challenges the trial court's denial of his motion for a new trial based on the claim that his trial counsel was ineffective for failing to call three witnesses to testify on his behalf. We review a trial court's decision to grant or deny a motion for new trial for an abuse of discretion, which occurs when the trial court renders a decision "falling outside the range of principled decisions." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012). Ineffective assistance of counsel is a mixed question of law and fact. *Strickland v Washington*, 466 US 668, 698; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In considering a claim of ineffective assistance, we review the lower court's factual findings for clear error, if any, and review its ultimate application of law de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). To establish ineffective assistance, defendant must show that his counsel's performance "fell below an objective standard of reasonableness," which could not be justified by sound trial strategy, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 US at 688-689, 694. Defense counsel's failure to call a witness "only constitutes ineffective assistance of counsel if it

-1-

deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

The majority of the testimony that the three witnesses offered in their affidavits and at the *Ginther*[1] hearing constituted hearsay, which would have been inadmissible at trial. See MRE 801(c); MRE 802. Defense counsel was not deficient for failing to try to admit inadmissible testimony from these witnesses. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). With respect to two of the potential witnesses, Delisa Torrey and Nicole Williams, the portions of their testimony that would have been admissible were cumulative to testimony of other witnesses at trial, and in no way assisted the defense. Thus, defense counsel's failure to present this cumulative testimony did not constitute ineffective assistance. *People v Carbin*, 463 Mich 590, 603; 623 NW2d 884 (2001) (failure to present cumulative testimony only amounts to ineffective assistance in some circumstances, such as failing to call multiple witnesses able to corroborate a substantial defense). Regarding the third proffered witness, Torres Price, defense counsel testified that defendant did not indicate that Price would have testified that a drug deal—but no robbery—took place. Moreover, defendant told defense counsel that Price would be difficult to find, and would not likely come forward, because his presence during the incident might put him at risk for prosecution. Thus, although Price's testimony that there was no robbery may have been helpful to defendant, defense counsel was unaware of its value at the time of trial and had good reason not to pursue Price as a witness. We "will not . . . assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). Defendant did not demonstrate that defense counsel was ineffective for failing to call the three potential witnesses. And, the trial court did not abuse its discretion in denying defendant a new trial on this basis. *Strickland*, 466 US at 688-689.

Defendant also asserts that the trial court imposed an illegal sentence for unlawful imprisonment per MCL 769.34(2)(b), which prohibits a minimum sentence "that exceeds 2/3 of the statutory maximum sentence." We review for an abuse of discretion. *People v Underwood*, 278 Mich App 334, 337; 750 NW2d 612 (2008). Defendant's challenge stems from his erroneous assertion that he received a maximum sentence of 22 years for unlawful imprisonment, when he was in fact sentenced to 15 to 22-1/2 years' imprisonment. The maximum sentence for unlawful imprisonment is 15 years. MCL 750.349b(2). MCL 769.10(1)(a), the second-offense habitual offender statute according to which defendant was sentenced, permits a sentence no more than "1-1/2 times the longest term prescribed for a first conviction" of the underlying offense. Defendant's maximum sentence of 22-1/2 years was precisely 1-1/2 times 15 years, and was the statutory maximum sentence for armed robbery as a second-offense habitual offender. Two-thirds of the statutory maximum sentence of 22-1/2 years is 15 years, which is defendant's minimum sentence. Accordingly, defendant's minimum sentence of 15 years does not violate the "two-thirds rule" of MCL 769.34(2)(b). The trial court did not abuse its discretion. *Id*.

Defendant next challenges the sufficiency of the evidence for his unlawful imprisonment conviction. Defendant alleges that the prosecution failed to establish that the victim was

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"restrained" within the meaning of MCL 750.349b. We review the record de novo, determining whether the evidence, viewed in a light most favorable to the prosecution, would warrant a rational juror's finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999). MCL 750.349b(3)(a) defines "restrain" as "to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority" and provides that "[t]he restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts." The evidence established that defendant put his arm around the victim's neck, then placed what the victim believed to be a handgun against the left side of his neck. The victim testified that he wanted to leave but did not feel that he was able to do so. Defendant's actions thus "interfered with [the victim]'s liberty without [the victim]'s consent," MCL 750.349b(3)(a), "by means of a weapon or dangerous instrument [the BB gun]," MCL 750.349b(1)(a), "to facilitate the commission of another felony [the armed robbery]," MCL 750.349b(1)(c). Sufficient evidence, viewed in a light most favorable to the prosecution, thus supported the jury's conviction of defendant for unlawful imprisonment. *Johnson*, 460 Mich at 722-723.

Defendant also asserts that the trial court erred in assessing five points for offense variable (OV) 3 and 10 points for OV 14. Defendant forfeited any objection to OV 3, and we therefore review it for plain error affecting his substantial rights. *People v Hershey*, 303 Mich App 330, 349; 844 NW2d 127 (2013). We review the factual determinations underlying the trial court's OV 14 assessment for clear error; such determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 3 accounts for physical injury to a victim, and a five point score is required where "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1). "Bodily injury" encompasses "anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). In this case, the evidence established that the victim had a "bodily injury" in the form of a quarter-sized red mark on the left side of his neck consistent with the barrel of a handgun. The trial court therefore did not plainly err in assessing five points for OV 3. *Hershey*, 303 Mich App at 349.

OV 14 accounts for the offender's role in the offense, and a ten-point score is required if "[t]he offender was a leader in a multiple offender situation." MCL 777.44. We have defined a "leader" for purposes of OV 14 as "'a person or thing that leads' or 'a guiding or directing head[,]'" and have defined "lead[ing]" as "guiding, preceding, showing the way, directing, or conducting." *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014) (quotation and citation omitted). In determining whether defendant was a leader, we consider whether "defendant acted first, gave any directions or orders to [other offenders], displayed any greater amount of initiative . . . , played a precipitating role in [other offenders'] participation . . . , or was otherwise a primary causal or coordinating agent." *Id*.

In this case, although defendant was the only offender who used a weapon, the evidence showed that Taylor initiated the plan to meet the victim for a would-be drug deal, gave defendant a signal to restrain the victim, and took money and a cellular telephone from the victim's person. Taylor therefore "acted first" and "gave . . . orders to [defendant]." *Id*. Accordingly, the

evidence suggested that Taylor, rather than defendant, was the leader of the offense. While more than one offender may be a leader for purposes of OV 14 if three or more offenders were involved, MCL 777.44(2)(b), only defendant and Taylor committed the robbery. Accordingly, a preponderance of the evidence does not establish that defendant was a leader, and the trial court thus clearly erred in assessing 10 points for OV 14. *Hardy*, 494 Mich at 438. Because the proper score of zero points for OV 14 alters defendant's appropriate guidelines, resentencing is required. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Defendant finally asserts that his appellate counsel rendered ineffective assistance by failing to admit an audio recording of a telephone call between defendant and Taylor at the *Ginther* hearing in this case. At the *Ginther* hearing, the prosecutor offered to obtain and play recordings for the trial court. Defense counsel did not indicate whether he had heard them, but stated that he objected to their admission into evidence and "[woul]d like to move on." The trial court completed the hearing without listening to the recordings. Defendant claims that one of these recordings proves that Taylor provided false testimony against defendant when he testified that a robbery occurred.

A criminal defendant has a right to the effective assistance of counsel in a first appeal of right. *Evitts v Lucey*, 469 US 387, 393-394; 105 S Ct 830; 83 L Ed 2d 821 (1985). We apply the same legal standards for ineffective assistance of appellate counsel as in ineffective assistance of trial counsel. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). In the transcription of the conversation in question, Taylor at no point indicated or supported that he and defendant did not rob the victim. Taylor agreed with defendant's suggestions that he tell unspecified persons that no robbery took place, but he never stated that it was true that there was no robbery or that he lied during his trial testimony. In light of the absence of a statement that Taylor provided false testimony at defendant's trial, defendant has not shown that admitting the recording would have benefited his argument that a new trial was warranted. Defendant accordingly failed to establish a necessary factual predicate of his ineffective assistance of appellate counsel claim, *Carbin*, 463 Mich at 601, and thus has not shown that his prior appellate counsel was ineffective.

We affirm in part, but vacate defendant's armed robbery sentence and remand for resentencing. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro