*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

RAY ANDERSON NORRIS,

        Defendant-Appellant.

UNPUBLISHED
July 23, 2020

No. 347292
Jackson County Circuit Court
LC No. 2017-5170-FH

Before: METER, P.J., and BECKERING and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of assaulting, resisting, or obstructing a police officer (resisting or obstructing), MCL 750.81d(1). Defendant was sentenced to 270 days' incarceration, with credit for 179 days served. On appeal, defendant argues that the evidence was not sufficient to prove beyond a reasonable doubt that defendant is guilty of resisting and obstructing, and the trial court erred by responding to a jury question by issuing the jury instruction that general intent intoxication is not a defense. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a call the Jackson Police Department received from a man who had gotten into a dispute with defendant. Officer Andrew Mosher was the first officer on the scene and he was given defendant's name. Officer Mosher ran defendant's name through the Law Enforcement Information Network (LEIN), and discovered an outstanding warrant for defendant.

Officer Aaron Grove also responded to the call and saw someone who he thought was defendant run behind a house and Officer Grove stopped at that house. People in the backyard told Officer Grove that defendant ran inside the house. Prior to the officers entering the house, Officer Andrew Fugate arrived. All of the officers at the scene wore their police uniforms and had their fully-marked patrol cars parked outside the house.

When Officers Grove and Fugate entered the home, defendant, who was very drunk, was at the top of the stairs, and the officers stayed at the bottom. Officer Grove ordered defendant to come down the stairs because he had an outstanding warrant. Defendant refused to come as he

wanted to see proof of the warrant. During this time, defendant was on the telephone. He claims to have been speaking on two different telephones: with his sister on one, and a 911 operator on another. Defendant finally came down the stairs of his own accord because both his sister and the 911 operator told him to and he allowed the officers to handcuff him without incident.

After handcuffing defendant, the officers began walking him out of the house and towards Officer Grove's patrol car. Initially, defendant did not struggle; however, the officers claim that at some point on the way to the car defendant began to lean back and resist. Defendant claims that he did not lean back and that while he was walking slowly, he was still walking towards the car. On the way to the car, defendant yelled and cursed at the officers. Upon reaching the car, defendant kicked his foot out against the car.

Defendant told the officers that there was a needle in his pocket, and the officers searched him before putting him in the patrol car. Officer Mosher held defendant against the car while Officer Grove searched his pockets. During the search, defendant was repeatedly told to spread his legs. The officers did not find a needle. The officers proceeded to put defendant in the car, and they sat him down, but his legs were not in the car. Officer Mosher attempted to lift defendant's legs to put them in the car. Video evidence showed one of the officers telling defendant to stand up and then shoving him down when he does. During this struggle to get defendant's legs into the car, Officer Grove leaned into the vehicle and pepper sprayed defendant's face in an attempt to get defendant to comply. When defendant still refused to comply, Officer Grove sprayed again. This time, defendant spat in the direction of Officer Grove and some of the spit landed in his eyes. Defendant testified that he did not intentionally spit on Officer Grove, he was merely trying to get pepper spray out of his mouth. In contrast, Officer Grove testified that defendant drew the spit and spit on him intentionally.

At trial, the three officers and defendant each testified and the jury was presented with footage and audio from the officers' dash cams. In defendant's testimony, he stated that he shouted at the officers and told them he had a needle to give them a hard time; however, he said that he only stuck his leg against the car because he was afraid they would slam him against it, not to resist.

During the jury's deliberations, the jury asked if it could consider defendant's intoxication regarding his response time to the officers' commands. Initially, the trial court was going to respond with the standard jury instruction that voluntary intoxication was not a defense to the charged crime. Defense counsel argued that the court should also remind the jury to consider all of the evidence. The trial court agreed and sent the jury the voluntary intoxication instruction and defense counsel's requested instruction. As stated above, defendant was convicted of resisting or obstruction, and subsequently sentenced. This appeal follows.

## II. DISCUSSION

On appeal, defendant argues that there was insufficient evidence to prove beyond a reasonable doubt that defendant resisted and obstructed his arresting officers and that the trial court erred by responding to a jury question by issuing the jury instruction that general intent intoxication is not a defense. We disagree.

## A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was not sufficient evidence because of the brevity of the encounter and because defendant did not oppose the officers' commands. We disagree.

This court reviews challenges to the sufficiency of evidence de novo. *People v Eriksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). The elements of the crime can be proved through direct evidence, circumstantial evidence, or reasonable inferences that arise from circumstantial evidence. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

Defendant was convicted by a jury for violating MCL 750.81d(1), which states that "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony." To sustain a conviction, the prosecution must prove beyond a reasonable doubt that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). "Obstruct includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a) (quotation marks omitted).

Defendant argues that there was insufficient evidence to sustain his conviction because the whole encounter in the neighbor's home lasted for a relatively short amount of time, and the only officer who testified that defendant did not obey the officers' commands was Officer Grove. Defendant's argument fails because he physically interfered with the police officers and knowingly failed to comply with their lawful commands.

First, defendant physically interfered with the police officers by pushing back on the way to the patrol car. While defendant denied leaning back into the officers, this Court will not interfere with the jury's determination of a witness's credibility. *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). Defendant also physically interfered with the police officers by refusing to spread his legs during the search at the patrol car, and when defendant refused to put his legs inside the patrol car. Moreover, defendant lied to the police officers about having a needle in his pocket.

Second, defendant admitted that he knowingly failed to comply with a lawful command by not coming down the stairs immediately. Although defendant explained that he wanted to see the warrant, Officer Grove testified that there were no 911 calls from the house at the time in question. Again, this Court defers to the jury's determination of credibility. *Id*.

Finally, although defendant claims that he did not intentionally spit on Officer Grove, a reasonable trier of fact could infer from Officer Grove's testimony that defendant "reeled back slightly and almost like he was drawing it up and he spit in my direction," that defendant intentionally spit at Officer Grove. *Mikulen*, 324 Mich App at 20.

-3-

Even though defendant does not challenge the second element, there is clear video evidence of the officers in their uniforms and outside their patrol cars. Furthermore, defendant admitted to seeing the police cars in his testimony, and there was testimony that all three of the officers were in their police uniforms. Thus, there was sufficient evidence that defendant knew or had reason to know that the three people were police officers. For the foregoing reasons, this writer opines that there was sufficient evidence to sustain defendant's resisting or obstructing conviction.

## B. IMPROPER JURY INSTRUCTIONS

Defendant argues that the trial court should have told the jury that they could take defendant's intoxication into account when considering his response time. We disagree.

"Jury questions that involve questions of law are reviewed de novo." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006), citing *People v Schaefer*, 473 Mich 418, 427; 703 NW2d 774 (2005). Even if jury instructions are imperfect, there is no error if "in the end [the instructions] sufficiently protect the defendant's rights." *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

While the jury was deliberating, the jury asked the trial court if it could consider defendant's reaction time when determining if he resisted and obstructed. Defense counsel argued that the court should also send a reminder to consider all of the evidence. The court responded with the jury instruction that voluntary intoxication is not a valid defense, M Crim JI 6.1, and pointed to an instruction in the jury's packet which said, "You should use your own common sense in weighing and judging the evidence," M Crim JI 3.5(9). Defense counsel accepted the trial court's proposed answer to the jury question, stating: "Yes. And that, that's fine. That's fine. I don't have a problem with that."

Defendant has waived review of this issue. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (quotation marks and citation omitted). "When counsel affirmatively approves a jury instruction, for example, he or she waives any error." *People v Hershey*, 303 Mich App 330, 349; 844 NW2d 127 (2013). Through defense counsel's express approval of the trial court's answer to the jury's question, defendant has waived review of the issue.

## III. CONCLUSION

There was sufficient evidence to sustain defendant's resisting and obstructing conviction, and defendant waived his right to appeal the jury instructions by agreeing with what the judge ultimately sent before the jury.

Affirmed.

/s/ Patrick M. Meter
/s/ Jane M. Beckering
/s/ Colleen A. O'Brien

-4-