*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 4, 2023

Plaintiff-Appellee,

v

No. 361243
St. Clair Circuit Court
LC No. 21-000094-FH

KEITH DAJUAN WILLIAMS,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and SWARTZLE AND FEENEY, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), and one count of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*). Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 3 to 40 years' imprisonment for each conviction, to be served concurrently. Defendant now appeals by leave granted.[1] We affirm.

On December 14, 2020, law enforcement executed a search warrant at the address of 903 Griswold Street, Port Huron, Michigan, after a month-long narcotics investigation had been conducted of defendant and the residence. Upon entering the apartment, officers located defendant, and two other residents, Anne-Marie Gill and Marvin Kern, Jr. Kern was interviewed on scene and later released. The search of the residence yielded a dealer's quantity of heroin, cocaine, drug paraphernalia, and United States currency. Officers discovered a brown bag containing a mixture of narcotics on the left side of a stairwell, which was located directly outside of the apartment. Defendant and Gill were arrested, taken in custody, and subsequently interviewed at the local sheriff's office. Defendant asserted, during his interview with the police, that he had been living in Detroit, and would only visit the Griswold apartment on occasion.

---

[1] See *People v Williams*, unpublished order of the Court of Appeals, entered June 8, 2022 (Docket No. 361243).

Defendant advanced that he had not been selling narcotics from that residence, and attributed the $237 found on his person to working "odd jobs."

Following the preliminary examination, a pretrial hearing, and a motion hearing, defendant accepted the prosecution's plea agreement. The sentencing information report (SIR) recommended an assessment of 10 points for Offense Variable (OV) 19, MCL 777.49(c), because defendant allegedly interfered with the administration of justice by lying to law enforcement in the course of a criminal investigation. At sentencing, neither party objected to the information in the presentence investigation report or the scoring of the guidelines, and the trial judge sentenced defendant according to the Michigan Department of Correction's (MDOC) recommendation. Approximately six months after sentencing, defendant filed a motion for resentencing; he argued that the trial court erred by assessing 10 points instead of 0 points for OV 19 because defendant did not interfere with the administration of justice and was merely maintaining his innocence following the officers' successful narcotics raid. The prosecution responded that defendant explicitly lied to the officers in an attempt to shift responsibility for the drug trafficking to the two other Griswold residents, and he further attempted to hide the brown bag of narcotics in the stairwell outside of the apartment itself to avoid police detection. The trial court denied defendant's motion and held that OV 19 was properly assessed at 10 points because defendant took overt action to avoid being held accountable for his actions and ultimately lied to the police despite being advised of his right to remain silent.

Defendant now argues the trial court erred by assessing 10 points instead of 0 points for OV 19 because defendant did not intend to hamper, hinder, or obstruct a police investigation by asserting his innocence following the fruitful execution of the search warrant and his arrest. Moreover, defendant asserts he was entitled to resentencing because the guidelines range would change after the scoring error was corrected. We disagree.

For issues pertaining to sentencing guidelines scoring on appeal, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

"[I]f a minimum sentence falls within the appropriate guidelines range, a defendant is not entitled to be resentenced unless there has been a scoring error or inaccurate information has been relied upon." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "Offense variables are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *People v McGraw*, 484 Mich 120, 135; 771 NW2d 655, 664 (2009). The sentencing offense is defined as "the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. The instructions for scoring OV 19 are found in MCL 777.49, which requires the assessment of 10 points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d

127 (2013). In scoring OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Baskerville*, 333 Mich App 276, 301; 963 NW2d 620 (2020).

Defendant argues that his statements to the law enforcement on December 14, 2020, addressing (1) defendant's involvement in the sale of narcotics, (2) defendant's current residence, and (3) defendant's source of income, were an attempt to maintain defendant's innocence, and did not interfere with the administration of justice. Defendant further advanced that while the trial court premised its decision to deny his motion for resentencing by distinguishing his conduct from the defendant in *Hershey*, defendant similarly did not intend to hamper, hinder, or obstruct the judicial process.

In *Hershey*, the defendant advanced that the trial court erred when it assessed 10 points for OV 19 because his failure to comply with a court order that required him to pay child support, and a violation of his probation terms, did not amount to an interference with the administration of justice. *Hershey*, 303 Mich App at 342. This Court agreed with the defendant and noted prior caselaw established that the following conduct constituted an interference or attempted inference with the administration of justice: "providing a false name to the police, threatening or intimidating a victim or witness, telling a victim or witness not to disclose the defendant's conduct, fleeing from police contrary to an order to freeze, [or] attempting to deceive the police during an investigation." *Id*. at 344. Comparatively, the defendant's refusal to pay child support did not impact the lower court's ability to administer judgment in the applicable divorce and child support proceedings, and the defendant's parole violation did not prevent the lower court from entering a judgment of sentence. *Id*. at 345. Ultimately, this Court held that because the preponderance of the evidence did not support a finding that the defendant interfered with the administration of justice, the trial court erred by scoring OV 19 at 10 points. *Id*. at 346.

We conclude defendant's statements to law enforcement constituted an attempt to deceive the police during an investigation, and the context of defendant's conduct is distinguishable from the circumstances in *Hershey*. Defendant argues that his statements occurred after the criminal investigation concluded much like *Hershey* when the defendant's failure to pay child support occurred after the lower court ordered him financially responsible. "[T]he circumstances described in OV 19 expressly include events occurring after the completion of the sentencing offense," and "scoring OV 19 necessarily is not limited to consideration of the sentencing offense." *People v Smith*, 488 Mich 193, 195; 793 NW2d 666 (2010). Moreover, unlike a failure to pay child support or a parole violation, which does not implicate other parties, defendant attempted to divert suspicion and responsibility to the two other Griswold residents by denying his involvement in the sale of narcotics and claiming he lived elsewhere. Defendant also asserted that he only stayed at the Griswold apartment on occasion, but a local deputy, whose department was surveilling the Griswold address for one month prior to executing the search warrant, testified that defendant was living there for at least a week or two before the execution of the search warrant notwithstanding the fact that defendant's permanent address was in Detroit, Michigan. Providing false information to a police officer during an investigation necessarily constitutes interference with the administration of justice, *Smith*, 488 Mich at 201-202, and the trial court found a preponderance of the evidence supported this conclusion.

Defendant further argues the month-long investigation of defendant based on a suspicion of narcotics trafficking, in addition to the fruitful execution of the search warrant, occurred before

defendant's statements and made it virtually impossible for defendant to impede an investigation that was already complete or otherwise interfere with the administration of justice. Defendant notes that this assertion is supported by the fact he was eventually bound over on the possession charges and pled guilty. This Court has stated that interference "with the administration of justice encompasses more than just the actual judicial process. Law enforcement officers are an integral component in the administration of justice, regardless of whether they are operating directly pursuant to a court order." *People v Barbee*, 470 Mich 283, 287-288; 681 NW2d 348 (2004). Additionally, attempts to deceive police that result in a hindrance of their investigation, even if those efforts are unsuccessful, may be scored under OV 19. *People v Ericksen*, 288 Mich App 192, 204; 793 NW2d 120 (2010). Following the execution of the search warrant, officers recovered heroin, cocaine, and various drug paraphernalia that demonstrated that someone in the Griswold apartment was responsible for narcotics trafficking. Defendant's statements following his arrest are best characterized as "self-serving attempts at deception obviously aimed at leading police investigators astray or even diverting suspicion onto others and away from him," and onto Gill and Kern, who were present at the scene when the raid occurred. *Ericksen*, 288 Mich App at 204.

During the preliminary examination, the deputy noted that he saw only the defendant in the stairwell outside the apartment before uncovering the bags of narcotics; the deputy saw the defendant continuously peering out of the apartment and appeared to be conducting countersurveillance. Moreover, the brown bag found in the stairwell immediately outside the apartment contained the heroin and cocaine mixture that matched Gill's description of how defendant routinely packaged multiple types of narcotics. Based on this information, the trial court could have reasonably inferred by a preponderance of the evidence that defendant attempted to hide evidence of narcotics trafficking in the stairwell thereby hampering a criminal investigation. See *Hershey*, 303 Mich App at 344 (stating that deceiving police investigators to prevent incriminating evidence from being used throughout judicial process constitutes inference with the administration of justice).

Defendant argues that our Supreme Court has expressed concerns with the broad application of OV 19 as Justice Markman argued in his dissent in *People v Spangler*, 480 Mich 947, 948 (2007) (MARKMAN, J., dissenting). In *Spangler*, the defendant was assessed 10 points under OV 19 because he hid himself, and various drug paraphernalia, in a closet when the police arrived at a house to investigate a crime committed by another individual. *Id*. While a 4 to 3 majority denied leave to appeal, Justice Markman opined, "[g]iven that it would be extraordinary for a criminal perpetrator not to attempt to hide evidence of his or her crime or to make such crime less detectable, it would seem that OV 19 would almost always be scored under the trial court's interpretation." *Id*. While we recognize Justice Markman's apprehensions about the scoring of OV 19, we must follow published precedent. See *Smith*, 318 Mich App at 286 (hiding from the police constituted an interference with the administration of justice because the act intended to hinder the police investigation); see also *Hershey*, 303 Mich App at 344.

Defendant maintains that characterizing his conduct as an attempt to interfere with the administration of justice is equivalent to holding that anything a defendant does or says, short of turning himself into law enforcement or making a full confession on the spot, warrants assessing points under OV 19. As the trial court noted, under *Miranda v Arizona*, 384 US 436, 469; 86 S Ct 1602; 16 L Ed 2d 694 (1966), a defendant has a right to remain silent. It has long been established that a Mirandized defendant will be held accountable for what he says, and those words may be

-4-

used against him in a future proceeding. *Id.* In this particular circumstance, defendant chose to lie to the police during the course of a criminal investigation and attempted to deceive the officers into potentially believing that the two other residents were responsible for the drug operations out of the Griswold apartment.

Lastly, defendant argues his trial counsel's failure to object to the improper scoring of OV 19, which resulted in a higher guidelines range, deprived defendant of his Sixth Amendment right to the effective assistance of counsel. We disagree.

"To preserve the issue of whether counsel rendered ineffective assistance, the defendant must move for a new trial or evidentiary hearing in the trial court or move for remand on appeal." *In re LT*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356667); slip op at 3. Defendant did not raise the issue of ineffective assistance of trial counsel at any point in the lower court proceedings or move for remand on appeal; therefore, our review is "limited to mistakes apparent on the record." See *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008) (when a defendant does not move for a new trial or *Ginther*[2] hearing, this Court's review is limited to the existing record).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011) (quotation marks omitted), quoting *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "A judge must first find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id.* "This Court reviews for clear error a trial court's factual findings, while we review de novo constitutional determinations." *Johnson*, 293 Mich App at 90.

"In order to prevail on a claim of ineffective assistance of counsel, the burden is on the defendant to demonstrate that defense counsel's performance fell below an objective standard of reasonableness" and that deficiency prejudiced the defendant. *People v Crews*, 299 Mich App 381, 400; 829 NW2d 898 (2013). "Prejudice occurs if there is a reasonable probability that, but for defense counsel's error, the result of the proceedings would have been different." An attorney's "[f]ail[ure] to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *Ericksen*, 288 Mich App at 201. Because the trial court properly scored OV 19, any objection to the court's assessment of points would have been meritless. As a result, defendant's counsel did not provide ineffective assistance by failing to object to the scoring.

Affirmed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-5-